# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ALICE FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | **1:11-cv-1:11-CV-2775-TWT-RGV** |
| | ) | |
| ATLANTA INDEPENDENT | ) | |
| SCHOOL SYSTEM and JESSIE | ) | |
| LOVELACE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE ATLANTA INDEPENDENT SCHOOL SYSTEM AND JESSIE LOVELACE

The Atlanta Independent School System ("AISS") and Jessie Lovelace ("Defendants") hereby respond to Plaintiff Alice Fields's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims may be barred, in whole or part, by applicable statutes of limitation.

THIRD DEFENSE

Plaintiff's claims may be barred by applicable doctrines of immunity.

FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to exhaust available remedies.

FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or part, due to laches and waiver.

SIXTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent such damages are being sought against a public entity from which such damages are not recoverable.

In response to the allegations in Plaintiff's Complaint, the Defendants respond as follows:

**INTRODUCTION**

1.      Defendants admit that Plaintiff was formerly employed as an Hourly School Bus Driver within the Transportation Department for AISS.  Defendants deny all other allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit that Plaintiff purports to bring both federal and state law claims but deny any liability to Plaintiff.

2

## JURISDICTION AND VENUE

3.      Defendants admit that Plaintiff invokes jurisdiction but deny any liability to Plaintiff under any statutes.

4.      Defendants admit that venue is proper in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Defendants admit that Plaintiff filed a charge of discrimination with the EEOC, admit that Plaintiff was issued a Notice of Right to Sue letter, and admit that Plaintiff timely filed this action following the receipt of a Notice of Right to Sue.  Defendants deny all remaining allegations of Paragraph 5 and deny that Plaintiff's charge provided adequate notice of the substance of her claims.

## PARTIES

6.      Defendants admit that Plaintiff is a U.S. citizen over the age of 21. Defendants are without knowledge or information sufficient to admit or deny Plaintiff's residency.

7.      Defendants admit the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.     Defendants admit the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit that Jessie Lovelace worked as a Transportation Supervisor for the time period referenced in Plaintiff's Complaint.  Defendants deny that Lovelace committed the acts described by Plaintiff.  Defendants deny the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny that Lovelace sexually harassed Plaintiff but admit that he participated in the recommendation to terminate Ms. Field's employment with AISS.  Defendants deny that Lovelace was the final decision maker with respect to Ms. Fields' termination.

13.     Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny that the allegations described herein occurred and deny that any wrongdoing was authorized by AISS.

## FACTUAL ALLEGATIONS

15.     Defendants admit the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations set forth in paragraph 16 of Plaintiff's complaint.

17.     Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of Plaintiff's complaint.

19.     Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of Plaintiff's complaint.

21.     Defendants deny the allegations set forth in paragraph 21 of Plaintiff's complaint.

22.     Defendants deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29.     Defendants admit that Lovelace discussed the sign-in sheet incident with Plaintiff and instructed her to prepare a statement.  Defendants deny all other allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32.     Defendants admit that Lovelace may have discussed the sign-in sheet incident with Plaintiff on or around September 2, 2009 but deny the remaining allegations set forth in paragraph 32 of Plaintiff's Complaint.

33.     Defendants admit that Lovelace may have discussed an unruly student with Plaintiff but deny the remaining allegations set forth in paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35.     Defendants admit that Lovelace may have received a telephone call from Ms. Fields on or around September 28, 2009 but deny the remaining allegations set forth in paragraph 35 of Plaintiff's Complaint.

36.     Defendants admit that Lovelace may have met with Plaintiff on or around September 29, 2009 but deny the remaining allegations set forth in paragraph 36 of Plaintiff's Complaint.

37.     Defendants admit that Lovelace may have met with Plaintiff on or around October 1, 2009 but deny the remaining allegations set forth in paragraph 37 of Plaintiff's Complaint.

38.     Defendants admit that Lovelace may have met with Plaintiff on or around October 2, 2009 and admit that Fields received termination paperwork. Defendants deny the remaining allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.    Defendants deny the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40.    Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.    Defendants deny the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42.    Defendants deny the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43.    Defendants deny the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44.    Defendants deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45.    Defendants deny the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46.    Defendants deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

**COUNT I**
**GENDER DISCRIMINATION AND SEXUAL HARASSMENT**
**IN VIOLATION OF TITLE VII**

**(Against Defendant Atlanta Public School System)**

47.     Defendant AISS incorporates by reference its responses to paragraphs 1-47 of Plaintiff's Complaint.

48.     AISS admits the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49.     AISS admits the allegations set forth in paragraph 49 of Plaintiff's Complaint but denies any discrimination, wrongdoing, or liability to Plaintiff.

50.     AISS denies that Defendant Lovelace was Plaintiff's direct supervisor.

51.     AISS denies the allegations regarding Defendant Lovelace's alleged propensity to engage in inappropriate behavior and the allegation that AISS knew or should have known of any alleged propensities.  AISS denies all allegations set forth in paragraph 51 of Plaintiff's Complaint.

52.     AISS denies both the allegations of sexual harassment and the allegations regarding any inappropriate response of AISS.

53.     AISS denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54.     AISS denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55.     AISS denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56.     AISS denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57.     AISS denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58.     AISS denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59.     AISS denies the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60.     AISS denies the allegations set forth in paragraph 60 of Plaintiff's Complaint.

## COUNT II

## GENDER DISCRIMINATION AND SEXUAL HARASSMENT
## IN VIOLATION OF THE EQUAL PROTECTION CLAUSE

**(Against Defendants Atlanta Independent School System and Jesse Lovelace)**

61.     Defendants incorporate by reference their responses to paragraphs 1-60 of Plaintiff's Complaint.

62.     Defendants admit the allegations set forth in paragraph 62 of Plaintiff's Complaint but deny any discrimination or liability to Plaintiff.

63.     Defendants deny that Defendant Lovelace was Plaintiff's direct supervisor.

64.     Defendants deny the allegations set forth in paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations set forth in paragraph 65of Plaintiff's Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of Plaintiff's Complaint.

11

70.     Defendants deny the allegations set forth in paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny the allegations set forth in paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations set forth in paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations set forth in paragraph 73 of Plaintiff's Complaint and deny any wrongdoing or liability to Plaintiff.

74.     Defendants deny the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations set forth in paragraph 75 of Plaintiff's Complaint.

## COUNT III
## ASSAULT & BATTERY

### (Against Defendant Jesse Lovelace)

76.     Defendant Lovelace incorporates by reference the responses to paragraphs 1-75 of Plaintiff's Complaint.

77.     Lovelace denies the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78.     Lovelace denies the allegations set forth in paragraph 78 of Plaintiff's Complaint.

79.     Lovelace denies the allegations set forth in paragraph 79 of Plaintiff's Complaint.

80.     Lovelace denies the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81.     Lovelace denies the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82.     Lovelace denies the allegations set forth in paragraph 82 of Plaintiff's Complaint.

83.     Lovelace denies the allegations set forth in paragraph 83 of Plaintiff's Complaint.

## COUNT IV
## INVASION OF PRIVACY

### (Against Defendant Jesse Lovelace)

84.     Defendant Lovelace incorporates by reference his responses to paragraphs 1-83 of Plaintiff's Complaint.

85.     Lovelace denies the allegations set forth in paragraph 85 of Plaintiff's Complaint.

13

86.     Lovelace denies the allegations set forth in paragraph 86 of Plaintiff's Complaint.

87.     Lovelace denies the allegations set forth in paragraph 87 of Plaintiff's Complaint.

88.     Lovelace denies the allegations set forth in paragraph 88 of Plaintiff's Complaint.

<u>COUNT V</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

**(Against Defendant Jesse Lovelace)**

89.     Defendant Lovelace incorporates by reference the responses to paragraphs 1-88 of Plaintiff's Complaint.

90      Lovelace denies the allegations set forth in paragraph 90 of Plaintiff's Complaint.

91      Lovelace denies the allegations set forth in paragraph 91 of Plaintiff's Complaint.

92      Lovelace denies the allegations set forth in paragraph 92 of Plaintiff's Complaint.

93.     Lovelace denies the allegations set forth in paragraph 93 of Plaintiff's Complaint.

<u>COUNT VI</u>
## NEGLIGENT SUPERVISION/HIRING/TRAINING/RETENTION

**(Against Defendant Atlanta Independent School system)**

94.    Defendant AISS incorporates the responses to paragraphs 1-93 of Plaintiff's Complaint.

95.    AISS denies the allegations set forth in paragraph 95 of Plaintiff's Complaint.

96.    AISS denies the allegations set forth in paragraph 96 of Plaintiff's Complaint.

97.    AISS denies the allegations set forth in paragraph 97 of Plaintiff's Complaint.

98.    AISS denies the allegations set forth in paragraph 98 of Plaintiff's Complaint.

99.    AISS admits that Lovelace was and is an employee subject to direction and control but denies the allegations described herein and any liability to Plaintiff.

100.    AISS denies the allegations set forth in paragraph 100 of Plaintiff's Complaint.

101.    AISS denies the allegations set forth in paragraph 101 of Plaintiff's Complaint.

15

102.   AISS denies the allegations set forth in paragraph 102 of Plaintiff's Complaint.

**COUNT VI**
**PUNITIVE DAMAGES UNDER O.G.C.A. § 51-12-5.1**

**(Against Defendant Jesse Lovelace)**

103.   Defendant Lovelace incorporates by reference the responses set forth in paragraphs 1-102 in Plaintiff's Complaint.

104.   Lovelace denies the allegations set forth in paragraph 104 of Plaintiff's Complaint.

**COUNT VII**
**ATTORNEY'S FEES**

**(Against Defendants Atlanta Independent School System and Jesse Lovelace)**

105.   Defendants incorporate by reference the responses set forth in paragraphs 1-104 in Plaintiff's Complaint.

106.   Defendant Lovelace denies the allegations set forth in paragraph 106 of Plaintiff's Complaint.

107.   Defendant Lovelace denies the allegations set forth in paragraph 107 of Plaintiff's Complaint.

Defendants deny any allegations contained in Plaintiff's Complaint which have not been affirmatively responded to by Defendants' preceding responses numbered 1- 107.

## PRAYER FOR RELIEF

In response to Plaintiff's "Wherefore" paragraph, Defendants deny any liability to Plaintiff and deny that Plaintiff is entitled to the relief sought in each paragraph labeled (a) through (i) or any other relief requested from the Court.

**WHEREFORE**, Defendants Atlanta Independent School System and Jesse Lovelace, having fully responded to Plaintiff's Complaint demand that Plaintiff's Complaint be dismissed and judgment entered in favor of Defendants with all court cost cast against the Plaintiff.

Respectively submitted this 21st day of October, 2011.

ATLANTA INDEPENDENT SCHOOL SYSTEM

/s/ Lindsey G. Churchill
Lindsey G. Churchill
Georgia Bar Number: 125610
Attorney for Defendants
130 Trinity Avenue, SW
8th Floor
Atlanta, Georgia 30303
Telephone: (404) 802-2801
Email: lchurchill@atlantapublicschools.us

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALICE FIELDS | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | **1:11-cv-1:11-CV-2775-TWT-RGV** |
| | ) | |
| ATLANTA INDEPENDENT | ) | |
| SCHOOL SYSTEM and JESSIE | ) | |
| LOVELACE, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2011, I electronically filed the Answer and Affirmative Defenses of the Atlanta Independent School System and Jesse Lovelace with the Clerk of Court using the CM/ECF system.  The CM/ECF system will transmit the filing to the following participants:

> Gary E. Thomas
> 2180 Satellite Blvd., Suite 400
> Duluth, Georgia 30097
> (770) 239-1785
> gthomaslaw@bellsouth.net


> /s/ Lindsey G. Churchill

> Lindsey Gastright Churchill
> Georgia Bar No. 125610

18